# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **YAYA KANE,**<br>*Petitioner,*<br><br>**v.**<br><br>**J.L. JAMISON,** ***Warden, Federal Detention Center, Philadelphia, et al.*****,**<br>*Respondents.* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 26-5842** |

## ORDER

**AND NOW**, this 18th day of August 2026, upon consideration of Yaya Kane's, ("Petitioner"), *petition for writ of habeas corpus*, (ECF 1), and Respondents', (the "Government"), Response, (ECF 4), it is hereby **ORDERED** that the petition for *writ of habeas corpus* is **GRANTED** as follows:[1]

---

[1] Petitioner is a native of Senegal who entered the United States on or about September 2023. (ECF 1 at ¶ 1). After entering the United States, Petitioner lived in Philadelphia, Pennsylvania. (*Id.*). On August 11, 2026, Petitioner was taken into custody while he was at work and placed in mandatory detention by the Department of Homeland Security, ("DHS"), at the Federal Detention Center, ("FDC"), in Philadelphia, Pennsylvania. (*Id.* at ¶ 2). Petition was subsequently moved to the United States Immigration and Customs Enforcement, ("ICE"), Pike County Correctional Facility. (ECF 4 at p. 2 n.2). Neither party has referenced any criminal history of Petitioner.

Instantly, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), his rights under the Fifth Amendments of the United States Constitution, and the Administrative Procedure Act, ("APA"). Petitioner seeks immediate release from detention. In its response, the Government argues that Petitioner is an "applicant[] for admission" who is "seeking admission" such that mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), ("Section 1225(b)(2)(A)"), is lawful and that his detention meets constitutional due process requirements for the reasons it previously explained in briefing to this Court and the United States Court of Appeals for the Third Circuit, (the "Third Circuit").

The legal issues presented by this Petition are nearly identical to those this Court has previously resolved in its many rulings on the legality of detention pursuant to Section 1225(b)(2)(A). *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). As such, this Court herein incorporates by reference its prior Opinions and finds that Respondents are not authorized to detain Petitioner pursuant to Section 1225(b)(2)(A). The Court further finds that the United States Immigration and Customs Enforcement's present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who has been residing in this country for many years without any apparent criminal history. *See* 8 U.S.C. § 1226(a) (providing, *inter alia*, that a noncitizen "*may* be arrested and detained pending a decision" on his removal) (emphasis added). Thus, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without one violates the INA.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;
2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** transferred and transported from the Pike County Correctional Facility to the Federal Detention Center in Philadelphia, Pennsylvania and, upon his arrival, he is to be immediately released therefrom;[2]
3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on August 11, 2026; and
4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on August 19, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

As to Petitioner's constitutional arguments, the Government mounts a perfunctory opposition. As noted, this Court agrees with Petitioner that his detention pursuant to Section 1225(b)(2)(A) violates his constitutional right to due process where the detention implicates his weighty right to freedom from restraint and the Government failed to provide him the process due under the applicable detention statute. *See Nasimov*, 2026 WL 94615, at *5-6 (holding a petitioner's unlawful mandatory detention violated his due process rights where the petitioner was subject to discretionary immigration detention and detained without the requisite bond hearing).

Accordingly, this Court finds that Petitioner's detention violates the INA and Petitioner's Constitutional due process rights. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Considering the statutory and constitutional violations set forth herein, this Court finds that the law and justice require Petitioner's immediate release.

[2] As of August 13, 2026, Petitioner has been detained at the FDC. (ECF 1-4). By Order dated August 14, 2026, (ECF 2), this Court instructed, *inter alia*, that the Government not move or remove Petitioner outside of the City of Philadelphia or the Federal Detention Center in Philadelphia during the pendency of this matter. Respondents now bring to the Court's attention that Petition was moved to ICE's Pike County Correctional Facility prior to the issuance of its Order. (ECF 4 at p. 2 n.2). Thus, the Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Pike County Correctional Facility.